KORSINSKY & KLEIN, LLP
Marc Illish (MI-6939)
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Email: *mi@kklawfirm.com*
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHAVY BROYDE,

                                    Plaintiff,                      **COMPLAINT**

   - against -

PROFESSIONAL CLAIMS BUREAU, INC.,
                                                               JURY TRIAL DEMANDED
                                    Defendant.
-----------------------------------------------------------------X

Plaintiff CHAVY BROYDE ("Plaintiff"), by her attorneys, brings this complaint against Defendant PROFESSIONAL CLAIMS BUREAU, INC. ("PCB") and alleges:

## Introduction

1. Plaintiff seeks redress for the practices of PCB by which it unlawfully engaged in an attempt to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## Parties

2. Plaintiff is a citizen of the State of New York who resides in Brooklyn, New York, within this District.

3. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. The alleged debt that PCB sought to collect from Plaintiff involves a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

5. Upon information and belief, PCB's principal place of business is at 439 Oak Street, Garden City, NY 11530.

6. Upon information and belief, PCB is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. PCB is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

8. This Court has federal-question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Facts

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the alleged debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to PCB for collection.

13. On or about November 21, 2020, PCB sent a notice to Plaintiff concerning an alleged debt owed by Plaintiff to New York Presbyterian Hospital (the "Notice"). A copy of the Notice is attached as **Exhibit 1** hereto.

14. The Notice constituted a form of "communications" as defined by 15 U.S.C. § 1692a(2).

15. The Notice stated on its face, "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collection agency."

16. The Letter did not contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector", "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" or "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor".

17. PCB did not provide written notice with the statements identified in paragraph 16 within five days of the Letter.

18. As a result of PCB's failure to provide the statements identified in paragraph 16 within the period required, it violated 15 U.S.C. § 1692g.

19. In response to the Notice, on December 10, 2020, Plaintiff issued a letter through her counsel disputing the debt alleged in the Notice, as well as informing PCB that, "Please be advised that this office represents Chavy Broyde on the disputed matter above. … Aside from providing verification of the debt, **do not contact** Chavy Broyde about this debt." (Emphasis added). A copy of the letter, together with proof of fax transmission to PCB, is attached as composite **Exhibit 2** hereto.

20. On or about December 22, 2020, Plaintiff received a second notice regarding the debt notwithstanding the issuance of the letter described above and without any verification of the debt. The second notice is attached as **Exhibit 3** hereto.

21. Plaintiff received the second notice less than one year before the commencement of this Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-states, re-alleges, and incorporates herein by reference, the foregoing paragraphs as if they were set forth fully in this claim for relief.

23. 15 U.S.C. § 1692c(a)(2) provides that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

24. Notwithstanding that PCB had actual knowledge that Plaintiff was represented by counsel, PCB illegally contacted Plaintiff after PCB was given Plaintiff's attorney's contact information, in violation of 15 U.S.C. § 1692c(a)(2).

25. On or about December 22, 2020, PCB contacted Plaintiff by sending the second notice following receipt of the Plaintiff's letter.

26. PCB knew Plaintiff was represented by an attorney with respect to the subject debt.

27. PCB had Plaintiff's attorney's contact information.

28. PCB was informed not to contact Plaintiff, but instead to contact her attorney with respect to the debt.

29. Plaintiff did not consent to PCB contacting her.

30. Plaintiff's attorney did not consent to PCB contacting Plaintiff directly.

31. No court of competent jurisdiction gave PCB express permission to contact Plaintiff.

32. The second notice to Plaintiff on or about December 22, 2020 violated 15 U.S.C. § 1692c(a)(2).

33. The persistence of noncompliance by PCB and the nature of such noncompliance was done intentionally to harm Plaintiff.

34. As a result of the foregoing, PCB violated the Fair Debt Collection Practices Act.

35. Because PCB violated of the Fair Debt Collection Practices Act, Plaintiff is entitled to damages and other relief in accordance with the Fair Debt Collection Practices Act.

## JURY DEMAND

36. Plaintiff hereby demands a trial of this action by jury.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant PROFESSIONAL CLAIMS BUREAU, INC. as follows:

(i) Finding that PCB's conduct violates the FDCPA;

(ii) Awarding statutory and actual damages provided under 15 U.S.C. § 1692k;

(iii) Awarding attorney's fees, litigation expenses and costs incurred in bringing this action pursuant to 15 U.S.C. § 1692k; and

(iv) Granting such other relief as this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
October 26, 2021

**KORSINSKY & KLEIN, LLP**

By: */s/Marc Illish*
    Marc Illish (MI-6969)
2926 Avenue L
Brooklyn, New York 11210
212-495-8133
*Attorneys for Plaintiff*